IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

UNITED STATES OF AMERICA

v.

No. 4:21-CR-348-O

JONATHAN DENNIS LUDLOW (01)

## FACTUAL RÈSUMÈ

I. Plea:
The defendant is pleading guilty to:

Count One: Conspiracy to Deal in Firearms without a License and Make False Statements on ATF-4473, in violation of 18 U.S.C. § 371 (18 U.S.C. § 922(a)(1)(A), and § 924(a)(1)(A)); and

Count Two: Possession of an Unregistered Firearm, in violation of 26 U.S.C. § 5861(d) and § 5871.

II. Penalties:

The penalties the Court can impose as to Count One include:
a. imprisonment for a period not to exceed five (5) years;
b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);
c. a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may revoke such release term and require that the defendant serve an additional period of confinement;
d. a mandatory special assessment of $100;
e. forfeiture of firearms and ammunition; and
f. costs of incarceration and supervision.

The penalties the Court can impose as to Count Two include:
a. imprisonment for a period not to exceed ten (10) years;
b. a fine not to exceed $10,000;
c. a term of supervised release not to exceed three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates any condition of supervised release, the Court may

          revoke such release term and require that the defendant serve an additional period of confinement;
- d. a mandatory special assessment of $100;
- e. forfeiture of firearms and ammunition; and
- f. costs of incarceration and supervision.

III. <u>Elements of the Offenses:</u>

The elements the government must prove beyond a reasonable doubt to establish the offense alleged in Count One are:

<u>First:</u> That the defendant and at least one other person agreed to Deal in Firearms Without a License or Make a False Statement on an ATF-4473, as charged in the Information;

<u>Second:</u> That the defendant knew the unlawful purpose of the agreement and joined in it willfully, that is, with the intent to further the unlawful purpose; and

<u>Third:</u> That at least one of the conspirators during the existence of the conspiracy knowingly committed at least one of the overt acts described in the Information, in order to accomplish some object or purpose of the conspiracy.

The elements the government must prove beyond a reasonable doubt to establish the offense alleged in Count Two are:

First: That the defendant knowingly possessed a firearm;

Second: That the firearm was a "silencer," as defined in 26 U.S.C. § 5845(a);

Third: That the defendant knew of the characteristics of the firearm, namely, that it was a device for silencing, muffling, or diminishing the report of a portable firearm;

Fourth: That the firearm was or could readily have been put in operating condition; and

Fifth: That the firearm was not registered to the defendant in the National Firearms Registration and Transfer Record. It does not matter whether the defendant knew that the firearm was not registered or had to be registered.

V. <u>Stipulated Facts:</u>

From January 2021, through July 2021, in the Fort Worth Division of the Northern District of Texas, defendant **Jonathan Dennis Ludlow** knowingly and willfully agreed with others, including Christopher Meza and Romello Harris, for those other individuals to willfully engage in the business of dealing in firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A), and to knowingly make false statements and representations with respect to information on ATF-4473s required to be kept in the records of Federal Firearms Licensee **Jonathan Dennis**

**Ludlow**, in violation of 18 U.S.C. § 924(a)(1)(A).

As part of the conspiracy, **Ludlow** sold multiple firearms to Harris, Meza, and others, while these individuals engaged in the business of reselling **Ludlow**'s firearms without a license. **Ludlow** knew Harris and Meza were reselling the firearms and agreed to continue the arrangement in order to profit from the sale of the firearms. As part of the conspiracy, **Ludlow**, Meza, and Harris knowingly made false statements on ATF-4473s required to be kept in **Ludlow**'s FFL records.

In furtherance of the conspiracy, and to effect its objects, on an ATF-4473 dated 07/17/2021, and signed by Meza and **Ludlow**, Meza checked the box stating that he was the actual transferee/buyer of: 1) an Anderson, AM15, Multi Caliber firearm, S/N 21232803; 2) an Anderson, AM15, Multi Caliber firearm, S/N 21232801; 3) an Anderson, AM15, Multi Caliber firearm, S/N 21232808; and 4) a Glock, 27, .40 caliber, pistol, S/N BSRP832, when in actuality, Meza and **Ludlow** knew that Meza was purchasing the firearms to resell to another person.

On or about July 27, 2021, in the Fort Worth Division of the Northern District of Texas, defendant **Jonathan Dennis Ludlow** knowingly possessed a firearm which was not registered to him in the National Firearms Registration and Transfer Record, to wit: a black cylindrical device, approximately 6 inches in length and approximately 1-3/8 inches in diameter. The firearm was a silencer as defined in 26 U.S.C. § 5845(a). The defendant knew of the characteristics of the firearm, namely, that it was a device for silencing, muffling, or diminishing the report of a portable firearm. The firearm was in operating condition. The firearm was not registered to **Ludlow** in the National Firearms Registration and Transfer Record.

AGREED AND STIPULATED on this _18_ day of _December_, 2021.

_____
JONATHAN DENNIS LUDLOW
Defendant

_____
ROBERT T. JARVIS
Counsel for Defendant